### In re MERTON.

(Court of Appeals of District of Columbia. Submitted March 29, 1926. Decided April 5, 1926.)

No. 1840.

Patents ⚖=62.

Evidence *held* to show cap having wire mesh visor with crown stitched in manner to permit ventilation was anticipated, and hence applicant is not entitled to patent.

Appeal from the Commissioner of Patents.

In the matter of the application of Percy Merton for patent. From a decision of the Commissioner of Patents, denying the application, applicant appeals. Affirmed.

P. B. Turpin, E. B. Kitchin, and W. F. Buckley, all of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant applied for a patent for a cap having a crown with a visor composed in part of a wire mesh stiffener. The mesh in the visor proper is covered and concealed, but it also extends inwardly from the inside edge of the visor to the head band, and the intermediate mesh is open and uncovered. The crown is brought out and stitched to the visor, so as to conceal the uncovered part of the mesh, which thus serves as a means of ventilation of the interior of the cap when in use. The cap presents an easy and graceful appearance, and belongs to the type of sport caps.

There is but a single claim, reading as follows:

"As a new article of manufacture, a cap having a crown and a visor, said visor having a wire mesh stiffener extending to the head band of the cap, said crown being stitched to said visor along a line outward of said head band, said wire mesh stiffener material being uncovered between the said line of stitching and the head band and constituting a ventilator for ventilating the cap through said visor directly to the interior of the crown."

The claim was rejected by the Examiner upon Woolfenden (British), January 4, 1897; Harrison, February 2, 1909; Centner, April 7, 1914; and Berman, February 20, 1923. The Examiner held that Harrison showed an uncovered wire mesh stiffener in the visor of his cap, that Berman, Centner, and Woolfenden secured the body of their caps to the visors outwardly of the line bounding the head opening, and that Woolfenden showed a means of ventilating the interior of his cap by means of eyelets opening through the inner part of the visor. The Examiner held, accordingly, that no invention was shown in the present application.

The Examiners in Chief affirmed this decision, and their decision was affirmed by the Commissioner of Patents. We have examined the record and the exhibits, and are convinced that these concurring decisions of the tribunals of the Patent Office were correct.

We therefore affirm the decision of the Commissioner of Patents.